## Mahoning Savings & Loan Association v. Cozad

*J. M. Lininger*, for plaintiff; *Virgil Johnson*, for claimant.

McLaughry, P. J., December 12, 1934.—Lillie B. Cozad, the claimant, presented a motion to the court under the provisions of section 12 of the Act of June 22, 1931, P. L. 883, relating to proceedings where goods or chattels have been levied upon or seized by the sheriff, and claimed to belong to others than the defendant. The claimant, Lillie B. Cozad, made objection to the granting of this motion.

The plaintiff in this case obtained a judgment in the Court of Common Pleas of Lawrence County, and later in Mercer County by virtue of an exemplification from the Lawrence County court. No question is raised as to the validity of the judgment. The plaintiff caused an execution to issue in Mercer County and the sheriff levied on personal property in Stoneboro. Lillie B. Cozad, wife of the defendant A. B. Cozad, claimed the property and gave notice of her claim to the sheriff, and upon petition of the sheriff a rule was granted to show cause why an issue would not be awarded to determine the ownership. No bond was filed, and the sheriff had an appraisement made in accordance with section 6 of the Act of 1931. A statement of claim was filed and also an affidavit of defense. The case was placed on the argument list for the first Monday of September 1934, at which time the claimant did not offer any testimony, and, there being no bond filed, plaintiff, through her attorney, presented a motion under section 12 of the Act of 1931, which reads as follows:

"If the claimant fails to give bond, but otherwise files his or her statement of title within the time herein specified, the court, if in term time, or a judge thereof, if in vacation, may, on motion of the plaintiff in the execution or process or other party interested therein, direct a sale of the goods and chattels claimed as aforesaid—and the plaintiff in the execution or process shall direct the sheriff as to what goods and chattels he shall sell, but no more shall be sold than enough to satisfy the said execution or process, and the proceeds thereof shall be paid into court to await the determination of the issue—or the court may impound the goods upon such conditions as justice may require."

It is evident that the act provides that where no bond is filed the plaintiff can present such a motion as is presented here, in order that the goods may be reduced to cash, and the cash is preserved for the benefit of the successful party upon the determination of the issue. This seems to be what the plaintiff in this case is asking for in the motion. It is very apparent from the record in this case that the plaintiff is entitled to the order requested. The Act of June 22, 1931, P. L. 883, was enacted for the purpose of governing proceedings where goods or chattels have been levied upon or seized by the sheriff, and claimed to belong to others than the defendant in the execution or process; and the plaintiff having made such a motion, as he is permitted to do under section 12, we think he is entitled to have an order made directing the sale of the goods.

We have carefully examined the brief of counsel for the claimant, Lillie B.

608

Cozad. It may be true that the goods are of little value and it may take all of the proceeds to pay the costs, but even if that is true it would not justify refusing the motion to which the plaintiff is entitled under the provisions of the act and the record in the case.

*Order*

And now, December 12, 1934, upon motion of J. M. Lininger, attorney for Norman Frankenburg, use plaintiff, the sheriff is directed to make sale of the goods and chattels levied upon, and to pay the proceeds of those claimed by Lillie B. Cozad into court to await the determination of the issue.